# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>CHEVRON CORPORATION,<br>Plaintiff. | Case No. C 11-80217 CRB (NC) |
| CHEVRON CORPORATION,<br>        Plaintiff,<br>v.<br>MARIA AGUINDA SALAZAR, et al.,<br>        Defendants,<br>-and-<br>STEVEN DONZIGER, et al.,<br>        Intervenors. | **ORDER DENYING PLAINTIFF'S APPLICATION TO SHORTEN TIME TO HEAR MOTION TO COMPEL COMPLIANCE WITH SUBPOENA ISSUED TO BRIAN PARKER**<br><br>(Re: Dkt. No. 4) |

      Plaintiff has moved for an order shortening time for briefing and hearing Plaintiff's motion to compel compliance with a subpoena issued to third party Brian Parker under Federal Rule of Civil Procedure 45 (Dkt. No. 4).

      The Court finds the motion to change time appropriate for determination without oral argument under Civil L.R. 7-1(b). Having considered the Plaintiff's application (Dkt. No. 4), Mr. Parker's partial opposition to the application to shorten time (Dkt. No. 9), Defendants'

opposition to the application to shorten time (Dkt. No. 12) and the related declarations of counsel, Plaintiff's application is DENIED.

Plaintiff served Mr. Parker with a subpoena for testimony and production of materials on July 22, 2011. Mr. Parker produced documents responsive to Chevron's subpoena, along with objections and a privilege log on August 1, 2011 (Dkt. No. 9-1, Balogh Declaration, ¶ 6, Exhibit A). Mr. Parker's deposition was taken on August 5, 2011. *Id.* Fact discovery closed on September 15, 2011 and trial commences in the Southern District of New York on November 14, 2011. Plaintiff's neglect to file its motion to compel and motion for shortened time until 7 days prior to the Court ordered discovery cutoff date is not a sufficient reason for the Court to shorten time on the briefing schedule.

Plaintiff's counsel also failed to adequately meet and confer in an attempt to resolve related discovery disputes as required under Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). Though Plaintiff sent letters addressing disputed discovery issues to Mr. Parker's counsel on August 10 and August 24, counsel did not communicate telephonically until Sunday, September 4, 2011. *Id.*, at ¶ 10. At that time, Plaintiff's counsel informed of its intent to file the pending motion to compel. *Id.* Plaintiff communicated to Defendant of its intent to file a motion to compel on September 6, 2011 and filed the motion two days later on September 8, 2011 (Dkt. No. 13, Bryan Decl., ¶ 2; Dkt. No. 4).

IT IS FURTHER ORDERED that lead trial counsel for both parties shall meet and confer in person or by telephone in a good faith attempt to resolve their dispute no later than September 22, 2011. In the event that counsel are unable to resolve the matters at issue in the Motion, lead trial counsel shall prepare a detailed Joint Statement of not more than five pages stating the nature and status of the dispute(s). Issue-by-issue the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority, and provide each party's final proposed compromise. The statement shall not be accompanied by affidavits or exhibits. The parties are strongly encouraged to submit a joint statement, but in the rare instances when a joint statement is not possible, each side may submit a statement of not more than two pages. The joint statement or individual statements shall be e-filed.

Upon review of the parties' submission(s), the Court will advise the parties of how the Court intends to proceed. The Court may issue a ruling or schedule a telephone conference or in-person conference with the parties, and at such conference may issue rulings, order further briefing, or set further hearing dates.

## LAW AND MOTION HEARING PROCEDURES

Civil law and motion is heard on Wednesday mornings at 9:00 a.m., Courtroom A, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102. The Court's schedule and answers to frequently asked scheduling questions are posted on the District Court's website, http://www.cand.uscourts.gov/. Any scheduling issues should be directed to Magistrate Judge Cousins' Courtroom Deputy Lili Harrell at Lili_Harrell@cand.uscourts.gov, 415-522-2039, to determine whether it is possible to reschedule the conference.

1. Discovery motions may be addressed to the Court in three ways:

    (1) A motion may be noticed for hearing not less than 35 days from the date of service under Civil L.R. 7-2.

    (2) Any party may seek an order to shorten or enlarge time under Civil L.R. 6-3.

    (3) In emergencies during discovery events, the Court is available for phone consultation (415-522-2112) as set forth in Civil L.R. 37-1(b).

2. In the event a discovery dispute arises, counsel (or if pro se, the party) seeking discovery or a protective order shall confer in good faith with opposing counsel (or pro se party) in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). A declaration setting forth these meet and confer efforts and the final positions of each party shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

3. Motions to compel fact discovery must be filed within the time limits contained in Civil L.R. 26-2. Motions to compel expert discovery must be filed within the time limits contained in Civil L.R. 26-2.

4. Motions for sanctions shall be filed by separate motion in accordance with Fed. R.

1  Civ. P. 37 and Civil L.R. 37-3. The parties shall comply with their meet and confer obligations
2  under Civil L.R. 37-1(a). Parties who refuse to meet and confer will be subject to sanctions
3  under Civil L.R. 37-3.

4      5.   All filings of documents relating to motions referred to Magistrate Judge Cousins
shall list the civil case number and the District Court Judge's initials followed by the designation
"(NC)". At the time of filing of original papers with the clerk's office, the parties are required to
submit two copies of each document, one of which shall be designated "NC Chambers Copy." If
documents are filed electronically, a paper chambers copy of each electronically filed document
must be delivered to the Court and addressed to Magistrate Judge Cousins no later than noon on
the day after e-filing.

     6.   All parties shall supplement or correct their initial disclosures, expert disclosures,
pretrial disclosures, and responses to discovery requests under the circumstances itemized by
Fed. R. Civ. P. 26(e)(1), and when ordered by the Court. The Court expects that the parties will
supplement and/or correct their disclosures promptly when required under that Rule, without the
need for a request from opposing counsel. In addition to the general requirements of Rule
26(e)(1), the parties shall supplement and/or correct all previously made disclosures and
discovery responses 28 days before the fact discovery cutoff date.

     The failure of counsel or a party to abide by this Order may result in sanctions under Fed.
R. Civ. P. 16(f).

Dated: September 16, 2011

_____
NATHANAEL M. COUSINS
United States Magistrate Judge